IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HECTOR JESUS CHAVEZ-LUNA, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:20-CV-1377-O |
| | § | (NO. 4:18-CR-159-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Came on for consideration the motion of Hector Jesus Chavez-Luna, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:18-CR-159-O, and applicable authorities, finds that the motion should be denied.

## I. BACKGROUND

The record in the underlying criminal case reflects the following:

On July 17, 2018, movant was named in a one-count information charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841 (a)(1) and (b)(1)(B). CR Doc.[1] 15. Movant and his counsel signed a waiver of indictment, CR Doc. 17, and a factual resume setting forth the maximum penalty movant faced, the elements of the offense charged, and the stipulated facts establishing that movant had committed the offense. CR

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:18-CR-159-O.

Doc. 18. On August 1, 2018, movant appeared before the Court with the intent to enter a plea of guilty. CR Doc. 22. He and his counsel signed a consent to administration of guilty plea and allocution by United States Magistrate Judge. CR Doc. 23. Movant testified under oath that: He understood that he should never rely upon any promise or statement by anyone as to what penalty would be assessed against him; his plea must be purely voluntary and not induced or prompted by any promise, pressure, threats, force or coercion of any kind; he had discussed with his counsel the charges against him, the matter of sentencing, and how the guidelines might apply; the Court would not be bound by any stipulated facts and could take into account other facts; the Court could not determine the guideline range until the presentence report ("PSR") had been prepared; he had read and understood the charge against him; he understood the essential elements and admitted that he had committed all of them; he had discussed his case, the charge against him, the issue of punishment, and how the guidelines might apply in his case with his attorney and was satisfied with the representation and advice he received; no one had made any promise or assurance to him to induce him to enter a plea of guilty; he understood that his punishment would be assessed within the range of punishment provided by the applicable statute; he understood that he faced a term of imprisonment of not less than five years and not more than forty years; he understood that if his sentence was more severe than he expected, he would not have a right to withdraw his plea; and, he had read and understood the factual resume and all the facts stated therein were true and correct. CR Doc. 42 at 3–30. The magistrate judge found that movant was competent and capable of entering an informed plea and that his plea of guilty was knowing and voluntary. *Id.* at 30–31. The magistrate judge issued a report and recommendation that the plea be accepted. CR Doc. 24. No objections were filed and the Court accepted the report and recommendation. CR Doc. 27.

The probation officer prepared the PSR, which reflected that movant's base offense level was 38. CR Doc. 28, ¶ 34. He received five two-level increases for possession of a dangerous weapon, *id.* ¶ 25, making a credible threat to use violence, *id.* ¶ 36, importation, *id.* ¶ 37, maintaining a drug premises, *id.* ¶ 38, and obstruction of justice. *Id.* ¶ 41. He received a four-level adjustment for being an organizer or leader of an activity that involved five or more participants or was otherwise extensive. *Id.* ¶ 40. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 44, 45. The PSR reflected that movant's total offense level was 43[2] and his criminal history category was III. His guideline imprisonment range was life, but the statutorily authorized maximum sentence was 480 months, which became the guideline term. *Id.* ¶ 97. Movant filed objections. CR Doc. 32. The probation officer prepared an addendum to the PSR rejecting the objections. CR Doc. 34.

Movant filed a motion for downward variance based on his extensive cooperation with the government. CR Doc. 36. At sentencing, the Court overruled the objections to the PSR, adopting the probation officer's conclusions as to the guideline calculations. CR Doc. 43 at 3–4. Movant initially called the case agent to testify in support of the motion for downward variance, but following an off-the-record discussion of which movant was aware, the agent did not testify. Movant understood what had happened and agreed with the plan to proceed. *Id.* at 4–5. The Court granted a downward variance for the reasons stated in movant's motion. *Id.* at 13. Movant was sentenced to a term of imprisonment of 360 months. *Id.*; CR Doc. 39.

Movant appealed. CR Doc. 41. His conviction and sentence were affirmed. *United States v. Chavez-Luna*, 779 F. App'x 242 (5th Cir. 2019).

---

[2] The PSR noted that when the total offense level was calculated to be in excess of 43, the offense level would be treated as 43. CR Doc. 28, ¶ 46.

## II. GROUNDS OF THE MOTION

Movant asserts two grounds in support of his motion. First, he says that his plea was unknowing and involuntary. Doc.[3] 1 at PageID[4] 4. Second, he says that counsel was ineffective by failing to present evidence or arguments in support of his objections to the PSR at sentencing. *Id.* at PageID 5.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[4] The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the typewritten page numbers on the form used by movant are not the actual page numbers of the document.

considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

5

## IV. ANALYSIS

In his first ground, movant contends that his plea was unknowing and involuntary because counsel "failed to advise [him] of the likely consequences of pleading guilty compared to proceeding to trial." Doc. 1-1 at 6. Specifically, he contends that counsel should have accurately calculated his guideline range and criminal history category and advised him that he would be facing a guideline range of the statutory maximum. *Id.* at 6–8. In his declaration,[5] movant simply makes the conclusory statement that prior to pleading guilty, he "was not advised how, in all likelihood, [his] offense level would be over 43 with a corresponding Guideline range of life imprisonment." Doc. 4-1 at 1. Further, had he been so advised, he "would not have pled guilty, but [he] would have proceeded to trial instead." *Id.* Such allegations are insufficient to meet the *Strickland* test. *Miller*, 200 F.3d at 282.

Even if true, what movant says does not vitiate his plea. A plea is not rendered involuntary because of an erroneous estimate by counsel of the length of sentence. *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002), *abrogated on other grounds*, *Glover v. United States*, 531 U.S. 198 (2005); *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). A prediction, prognosis, or statement of probabilities does not constitute an actual promise. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989).

Any contention that movant's plea was not knowing, intelligent, and voluntary is belied by the record. Movant testified under oath that he understood that he should never depend or rely upon any statement or promise as to what penalty would be assessed against him; he had discussed his case, the charge against him, the issue of punishment, and how the guidelines might apply in

---

[5] The Court assumes for the sake of argument that the document filed is a declaration, although it is made "to the best of [movant's] knowledge, information and belief." Doc. 4-1 at 1.

his case with his attorney and was satisfied with the representation and advice he received; he understood his guideline range could not be determined until the PSR was prepared; and he understood that the Court could take into account facts other than the stipulated facts and that movant would not have a right to withdraw his plea if his sentence was more severe than he anticipated. The magistrate judge specifically explained to movant that the Court was not bound by the stipulated facts and could take into account other facts not mentioned in the stipulations. Movant testified that he understood. CR Doc. 42. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his factual resume. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Movant was clearly aware of the penalties to which he was subject. CR Doc. 18; CR Doc. 42.

As for proving prejudice, movant only relies on his conclusory statement that he would not have pleaded guilty but would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Movant provides no explanation of why he would have insisted on going to trial. His *post hoc* allegation is not enough to upset his plea. *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017). Rather, the Court looks to contemporaneous evidence to substantiate movant's expressed preferences. *Id.* Here, the record reflects that movant intended to plead guilty from the start and to obtain as much benefit as possible from his cooperation with the government. *See* CR Doc. 36 (detailing movant's cooperation and seeking a downward variance). Among other things, movant admitted that he was expecting a shipment of 80 kilograms of methamphetamine from Mexico and identified himself as a multi-kilogram methamphetamine distributor. CR Doc. 28, ¶ 20; CR Doc.

33-1. Clearly, movant could have been subject to much more serious charges subjecting him to a statutory maximum sentence of life. He has not demonstrated prejudice.

In his second ground, movant urges that his counsel was ineffective in failing to present evidence or argument in support of his objections to the PSR at sentencing. Doc. 1 at PageID 5. His supporting memorandum acknowledges that counsel filed objections and supplemental evidence attempting to show that movant had long known the homeowner he had threatened (giving rise to the two-level enhancement for making a credible threat of violence), but "failed to raise this connection at sentencing when given the opportunity." Doc. 1-2 at 12. Additionally, counsel "could have called the homeowner or pastor[6] of the church the homeowner and [movant] attended to testify at sentencing." *Id.* The argument is unsupported[7] and movant does not specifically identify what evidence could have been presented or why it would have made any difference. Counsel wisely chose to focus on movant's cooperation and the motion for downward variance instead of complaining about the two-level enhancement that would not have affected the guidelines calculation.

## V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in movant's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 28th day of May, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[6] A witness identified as movant's pastor testified at sentencing. CR Doc. 43 at 7.
[7] Movant's declaration only addresses the first ground of the motion.